**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KEITH MICHAEL WISE, Lieutenant;
JOHN APPLEWHITE; PAUL SCOTT
BAKER; GARY D. BEAR; MICHAEL W.
BLANKENSHIP; MARK ALLEN BOYD;
ROGER THOMAS BURRIS; TODD F.
CANNON; JOHN M. CARMODY; PAUL
S. CHADWICK; ALBIN B. COKE; GALE
F. CROSS; CHRISTOPHER DAVIS; JOHN
E. DIBACCO; DAVID OWEN DIXON;
LORENZ SAM DUHL; PHILIP H. EAST;
DEAN LEE EDDY; ROBERT L.
EDWARDS; JAMES D. ELLIOTT; BRUCE
L. EVANS; RICHARD GRAFTON
FENTRESS; DAVID FLITTON; JOHN F.
FORBES; MARTIN T. GROSS; JOHN
HUMPHREY; MARTIN E. KRESOVICH;

PAUL B. LEGG; CHRISTOPHER
MICHAEL LEONARD; ROBERT G.
MATTICE; PAUL D. MOORE; WAYNE
E. MOORE; KENNETH A. MUHLEMAN;
J. N. NOAH; JAMES A. REYNOLDS;
KENNETH L. REYNOLDS, SR.; DENNIS
L. SCHMIDF; WILLIAM E. SIGAFOOS,
JR.; MARK E. SPENCER; RONALD W.
SPRUILL; LONNIE R. STEADMAN;
LINCOLN W. THOMAS; JAMES A.
BATTERSBY; DONALD R. GRANT;
DENNIS M. HODGE; RONALD E.
MORGAN; KEITH A. PARTAIN; KEITH
MICHAEL; STEVEN K. LINDBLAD;
RICHARD P. MORRIS,
Plaintiffs-Appellants,

No. 99-2135

and

INTERNATIONAL ASSOCIATION OF FIRE
FIGHTERS NORFOLK LOCAL 68,
<u>Plaintiff,</u>

v.

CITY OF NORFOLK,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CA-98-1336-2)

Argued: May 3, 2000

Decided: May 30, 2000

Before WIDENER and MOTZ, Circuit Judges, and
Frank W. BULLOCK, Jr., United States District Judge for the
Middle District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Francis Hennessy, III, THOMAS F. HEN-
NESSY, P.C., Chesapeake, Virginia, for Appellants. Scott William
Kezman, KAUFMAN & CANOLES, P.C., Norfolk, Virginia, for
Appellee. **ON BRIEF:** Stanley G. Barr, Jr., KAUFMAN &
CANOLES, P.C., Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Certain fire department captains and lieutenants filed this action to obtain overtime pay from the City of Norfolk under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 216(b) (1994 & Supp. IV 1998). The district court granted the City's motion for summary judgment. We affirm.

I.

A number of captains and lieutenants in the City of Norfolk's Division of Fire and Paramedical Services brought this action against the City seeking overtime pay under FLSA. The City had denied them overtime pay because it concluded that they were executive employees and so statutorily exempt from FLSA overtime pay requirements. See 29 U.S.C. § 213(a)(1) (1994 & Supp. 1998) ("[t]he provisions . . . of this title shall not apply with respect to . . . any employee employed in a bona fide executive, administrative, or professional capacity").

The district court granted the City summary judgment for two reasons. First, the court found that a judgment denying FLSA overtime pay in a suit brought in 1988 by other captains and lieutenants in the Norfolk Fire Department (the predecessor of the Division of Fire and Paramedical Services) constituted res judicata barring this suit. See Chadwick v. City of Norfolk, No. 88-248-N (E.D. Va. Dec. 19, 1988). Alternatively, the court concluded that the captains and lieutenants were executive employees not entitled to overtime under § 213(a)(1).

II.

In order for the doctrine of res judicata to apply, there must be "[1] a final judgment [2] on the merits . . . [3] by parties or their privies [4] based on the same cause of action." Montana v. United States, 440

3

U.S. 147, 153 (1979). Indisputably, the first and second elements are present here, just as clearly the third--the same parties or their privies --is not.

"[P]arties or their privies" encompass relationships in which a party to the prior action is "so closely aligned with the interests of a non-party as to be his virtual representative." See Klugh v. United States, 818 F.2d 294, 300 (4th Cir. 1987); Nash County Bd. of Ed. v. Biltmore Co., 640 F.2d 484, 493-94 (4th Cir. 1981). This principle of virtual representation applies, however, only when the parties in the first suit are "accountable to the nonparties who file a subsequent suit," and the "party [in the first suit] acting as a virtual representative for a nonparty" has at least "the tacit approval of the court" to do so. Klugh, 818 F.2d at 300.

Thus, we have found that a prior antitrust suit brought by a state attorney general on behalf of the state's school boards precluded an individual school board from bringing an antitrust suit against the same defendants for the same conduct, because the attorney general was a virtual representative of the school board. Nash, 640 F.2d at 493-94. Similarly, we have concluded that a prior suit to quiet title by adult, minor, and incompetent heirs precluded a subsequent suit by the minor and incompetent heirs, even if they had been insufficiently represented in the first suit, because the adult heirs were virtual representatives of the minor and incompetent heirs and because the "[first] court was on notice that the adult heirs would be acting in the capacity as virtual representatives for these remaindermen." Klugh, 818 F.2d at 301. In that same case, however, we held that adult heirs did not constitute virtual representatives of the unborn or unknown heirs, because the first court could not have recognized the virtual representation without knowing the identity of those unborn or unknown heirs. Id. at 300.

The plaintiff captains and lieutenants in this case, who were not parties to the previous case, stand in the same position as the unknown heirs in Klugh.[1] Though they may exercise functions and

_____

[1] Because the City is entitled to summary judgment on other grounds, we do not reach the question of whether res judicata bars the claims of the nine plaintiffs in this case who were plaintiffs in Chadwick.

4

bring claims very similar to those of the plaintiffs in <u>Chadwick</u>, it would have been impossible for the <u>Chadwick</u> court to know in 1988 the precise identities of those who would be captains and lieutenants in 1998. Therefore, the <u>Chadwick</u> court could not have given its "tacit [or explicit] approval" to the <u>Chadwick</u> plaintiffs' virtual representation of the present plaintiffs who were not parties in <u>Chadwick</u>; nor could the <u>Chadwick</u> plaintiffs have been accountable to the present plaintiffs whose identities the <u>Chadwick</u> plaintiffs did not know.

The City's reliance on <u>Rush v. Superintendent of Police</u>, No. 93C1675, 1994 WL 114847 (N.D. Ill. Apr. 4, 1994) (unpublished), demonstrates the weakness of its position. Not only is <u>Rush</u> without any precedential weight, but after <u>Rush</u>, the Seventh Circuit limited the virtual representation doctrine fashioned in <u>Rush</u> by overturning a published district court opinion that had relied on <u>Rush</u>. <u>See Tice v. American Airlines, Inc.</u>, 162 F.2d 966, 971 (7th Cir. 1998). The Seventh Circuit pointed out that applying virtual representation to a situation like that at hand--when the parties in the prior suit are not accountable to the parties in the subsequent suit, and when the parties in the prior suit have not received at least the"tacit approval" of the court to serve as virtual representatives of the subsequent plaintiffs-- could raise "serious due process problems." <u>Id.</u> Without knowing the identities of those virtually represented, a court would be unable to take appropriate precautions to protect their interests; without accountability, the plaintiffs in the prior suit would have no reason to protect those interests either.

We therefore decline to extend the virtual representation doctrine, and hold that the plaintiffs in the <u>Chadwick</u> case were not virtual representatives of the present plaintiffs who were not plaintiffs in <u>Chadwick</u>. Accordingly, res judicata does not bar those plaintiffs from bringing the case at hand.

III.

Alternatively, the district court held that the"fire captains and lieutenants are properly exempt under the executive exception of the FLSA." The captains and lieutenants contend that they are more appropriately classified as "working foremen" rather than executive employees since their responsibilities fighting fires and performing

5

manual work around the firehouse are more substantial than their supervisory and managerial duties.

The parties agree that because the salaries of captains and lieutenants are more than $250 a week the appropriate test for determining whether they are executive employees is the "short test." See 29 C.F.R. § 541.1(f) (1998). The rule of thumb under the short test is that an employee is exempt from FLSA'S requirements if he supervises at least two employees and spends more than 50% of his time managing a "recognized subdivision" of the relevant department. Alternatively, if an employee supervises at least two employees and spends less than 50% of his time on managerial duties, he may still be exempt if "[o]ther pertinent factors . . . indicate that management is the employee's primary duty." Shockley v. City of Newport News, 997 F.2d 18, 25-26 (4th Cir. 1993); see also West v. Anne Arundel County, 137 F.3d 752, 763 (4th Cir. 1998); 29 C.F.R. § 541.103 (1998). It is uncontroverted that the Norfolk captains and lieutenants supervise at least two people; the issue therefore becomes whether they spend at least 50% of their time managing.

In West, we reversed a district court's holding that field lieutenants responsible for emergency medical technician teams in a Maryland fire department did not spend at least 50% of their time managing. 137 F.3d at 763. We reasoned that even though the lieutenants worked in the field, they were not "working foremen" because their responsibilities for supervising and managing "people and equipment assigned to their units," which were recognized subdivisions of the fire department, were dominant even if integrated into their other responsibilities. Id. In Shockley we affirmed a district court's conclusion that patrol sergeants in the Newport News police department fell within the executive employee exception because although they worked alongside officers of lesser rank, they were responsible for assigning tasks and equipment among officers and otherwise handling internal resource allocation issues. 997 F.2d at 26-28.

The undisputed facts in this case are legally indistinguishable from those in West and Shockley.[2] Accordingly, these precedents require

_____

**2** These cases also require us to reject the officers' interpretation of the words "recognized subdivision," see Brief of Appellants at 21. Just as the emergency medical technician teams in West and the police officers in Shockley constituted "recognized subdivisions" of their respective city departments, so too do the ladder companies and fire stations here.

6

rejection of the captains' and lieutenants' claim that they have almost no discretion in managerial decisions, including discipline and equipment acquisition (though they evaluate and recommend both), and that due to personnel cuts their working hours are largely consumed by fire fighting and manual labor in the fire houses. Although the captains and lieutenants may have no authority to "determine issues such as staffing and which areas of [the] city are covered by a particular fire station," Brief of Appellants at 23, they do not dispute that they retain the power to assign tasks and otherwise allocate resources within a particular ladder company or a particular fire station. If we accept the facts in the light most favorable to the officers, as we must, these responsibilities are exercised largely while performing the other line tasks of non-managerial fire fighters. However, the plaintiff officers in West and Shockley also managed as they worked along side officers of lower rank--indeed, in those cases the relationship between line work and management was similar to that in this case-- and we, nonetheless, concluded that the plaintiff captains, lieutenants, and even sergeants were exempt from the overtime provisions of FLSA.[3]

The captains and lieutenants insist that, functionally, they lack management discretion. The absence of discretionary and decision-making authority without more, however, has been soundly rejected as determinative in qualifying employees as "working foremen" rather than executive employees exempt from FLSA overtime requirements. See Donovan v. Burger King Corp., 672 F.2d 221, 226 (1st Cir. 1982) (Burger King assistant managers were executive employees under § 213 even though they were "unable to make any significant or substantial decisions on [their] own," in part because "one can still be `managing' if one is in charge, even while physically doing something else"). We agree. The appropriate analysis requires an evaluation of all of the facts of the employee's position. See 29 C.F.R. § 541.103. Limited discretion alone does not transform an employee into a "working foreman" if the employee also has substantial super-

_____

**3** In West, the lieutenants had the power to "evaluate" their charges. The plaintiffs here had the same power, but allegedly without the ability to take significant remedial action in the event of a negative evaluation. Considering the responsibilities of the plaintiffs here in relation to those of the plaintiffs in West as a whole, however, this distinction is not determinative.

7

visory and managerial responsibilities that consume more than 50% of his time--even if he performs those supervisory and managerial responsibilities "while physically doing something else." Donovan, 672 F.2d at 226.

Finally, though Chadwick does not bar this suit for most of the plaintiffs, its findings and reasoning are instructive here. The 1988 job descriptions for lieutenants and captains were, in all material respects, identical to those in 1998. Moreover, although the captains and lieutenants assert that a 1991 merger between the fire department and the paramedic department led to a reduction in workforce, which required them to do more fire fighting and more manual work around the station, they have failed to identify specific material differences between the responsibilities of officers of their rank in 1988 and 1998. The captains and lieutenants have provided no evidence that while doing line work they were not still managing, allocating responsibilities and resources. Without such evidence to support the claim that their actual responsibilities were distinct from those in 1988 and those articulated in their written job descriptions, their claim must fail in light of West, Shockley, and the persuasive guidance of Chadwick.

IV.

The fire department captains and lieutenants perform invaluable services. However, the FLSA provides that those who act as executive employees, like the captains and lieutenants, are exempt from its protection. Therefore, although the district court erred in granting summary judgment on the ground that Chadwick barred this suit, the court was correct in finding on the undisputed material facts of this case that the captains and lieutenants are executive employees exempt from FLSA requirements.

AFFIRMED

8